Boyett *v.* Cowling.

Opinion delivered April 23, 1906.

1. OFFICERS—STATUTORY REQUIREMENT AS TO COMMISSION AND OATH.—Kirby's Digest, § 647, 648, providing that State and county officers who are required to be commissioned by the Governor shall forward the legal fee for their commissions within 60 days after their election, and within fifteen days after receipt of their commissions shall forward their duplicate oath of office to the Secretary of State, and that upon failure or neglect to do so the office shall become vacant, were not repealed by the act of March 4, 1881, pp. 73-75, nor by the act of March 2, 1883, pp. 73, 74. (Page 498.)

2. ASSESSOR—REQUIREMENT AS TO BOND AND OATH.—Kirby's Di-

gest, § § 6955, 6956 and 6958, which require the assessor, within 15 days after receiving his commission, to enter into bond, and, that, on or before the first of January, and before discharging the duties of his office, he shall take the constitutional oath and an additional oath, and that a failure to obey the foregoing provisions shall cause a forfeiture of the office, are not inconsistent so far as assessors are concerned, with the provisions of Kirby's Digest, § § 647, 648. (Page 498.)

3. CONSTITUTIONAL LAW—REQUIREMENT AS TO COMMISSION AND OATH OF OFFICE.—Kirby's Digest, § § 647, 648, regulating the time within which officers required to be commissioned should apply for their commissions and should thereafter file their duplicate oaths of office, are valid and constitutional. (Page 499.)

4. GOVERNOR—POWER TO FILL VACANCIES.—Under Const. 1874, art. 7, § 50, providing that "all vacancies in any office provided for in this article shall be filled by special election, save that in case of vacancies occurring in county and township offices six months, and in other offices nine months, before the next general election, such vacancies shall be filled by appointment by the Governor," the Governor had no power to fill a vacancy in the office of county assessor which occurred more than six months before a general election. (Page 500.)

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; reversed.

*Thos. C. Jobe* and *Jas. H. McCollum,* for appellants.

1. Sections 647 and 648 were repealed by the act approved March 14, 1881. Acts 1881, pp. 73, 74 and 75. The whole subject covered by the statute (act 1875) was covered by the act of 1881, and the latter was evidently intended as a substitute for the former. Where the Legislature takes up a whole subject anew, and covers the entire ground of the subject-matter of a former statute, and evidently intended it a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not embraced in the new. 10 Ark. 588; 31 Ark. 17; 46 Ark. 438; 47 Ark. 488; 65 Ark. 508; 70 Ark. 25; 4 L. R. A. 308 and cases cited. Sections 6955, 6956 and 6958, Kirby's Digest, enacted in 1883, are in direct conflict with sections 647 and 648, in this: the latter provides that the assessor shall take the oath of office within fifteen days after he receives his commission, while the former provides that he shall take the oath on or before the first day of January succeeding his election. The former (§ § 6955-6-8) apply only to the office of assessor, while § § 647-8 are

general. "The more specific provision controls, without regard to
their order and date." 50 Ark. 132; 60 Ark. 59.

2. The statutes are unconstitutional. All political power
is inherent in the people. Art. 2, sec. 1, Const. "All officers pro-
vided for in this article, except constables, shall be commissioned
by the Governor." Art. 7, § 48, Const. The Legislature is with-
out power to limit the provision of the Constitution entitling
one elected to a county office to his commission, or to limit his
right thereto by placing upon him the burden of the payment of

3. The Governor was without power to make the appoint-
ment. The amendment No. 3 to the Constitution, not having
been carried by a majority of the votes cast in the general election
at which the proposed amendment was submitted for adoption or
rejection, the same was lost. It was never legally adopted.
Section 22, art. 19, Const. "Every word employed in the Con-
stitution is to be expounded in its plain, obvious and common-
sense meaning." 52 Ark. 336; 51 L. R. A. 722, and cases
cited; 6 L. R. A. 422; 48 L. R. A. 652; 134 Fed. 423.
Whether an amendment has been validly submitted or validly
adopted depends upon the fact of compliance or non-compliance
with the constitutional directions as to how such amendments
shall be submitted and adopted, and whether such compliance
has in fact been had is a judicial question. 48 L. R. A. 652 and
cases cited; 6 Am. & Eng. Enc. Law (2 Ed.), 908; 8 Cyc. 728; 4
Mo. 303; 23 L. R. A. 354; 45 L. R. A. 251. If the amendment
was legally adopted, still the Governor was without authority
to make the appointment, since there was no vacancy. Appellant,
Boyett, holds over by virtue of his former election. Section 5,
art. 19, Const.; 18 Am. Rep. 321; 14 L. R. A. 858; 21 L. R. A.
539. If there was a vacancy, and the amendment not adopted,
the only way the vacancy could be filled was by special election.
Section 50, art. 7, Const.; § 2691, Sand. & H. Dig.

*C. C. Hamby,* for appellee.

1. Repeals by implication are not favored. 45 Ark. 90; 41
Ark. 149. The intention of the Legislature is shown by its
declaration that the act of 1881 is only amendatory of section 1
of the acts of 1875, p. 22. The whole therefore stands. 55 Ark.
389. If the Legislature amended section one of the act of 1875,
and did not mention section two of that act, the latter is still the

law:   The provision in the act of 1883 allowing the Secretary of State to issue and send out to the county clerks the commissions was simply one of convenience to officers elected throughout the State.   It does not deprive the officer of the right nor relieve him of the duty of forwarding the fee or seeing that it gets to the Secretary of State within sixty days.   It is the law (section 648), and not the Governor, that declares the vacancy.   When it exists, the Governor is the only one who has power to fill the vacancy, and nothing that Boyett could do would reinstate him.   42 Ark. 114.

2.   The Constitution is a check on powers, but not a grant of power.   The Legislature may enact any law not prohibited by the Constitution.   All officers are within the power of the Legislature, except so far as the Constitution forbids interference with them.   32 Ark. 241.   It also has power to require the performance of an act as a condition precedent to holding an office, though that office is provided for in the Constitution, and to declare a vacancy if the person elected fails to comply with the condition.   52 Miss. 665; 42 Ark. 392; 46 Neb. 514.   The constitutional right of holdover is of no advantage to appellant.   It was for the benefit of the public, and not for himself.   33 Am. Rep. 659; 42 Ark. 394; 52 Miss. 665.   Moreover, it can not apply to this case, because, if there is a vacancy, it is because of his own default.

3.   The question of the validity of the adoption of Amendment No. 3 has been passed upon by this court in favor of its adoption.   69 Ark. 392; 45 Ark. 400.   See also 111 U. S. 550.

HILL, C. J.   Ruff Boyett was assessor of Hempstead County, and was re-elected to said office without opposition in the general election of September, 1904.   On the 21st of November he wrote the Secretary of State requesting his commission as assessor, and sending the fee, $2, therefor.   On December 2, 1904, the Governor took the position that the failure of Boyett to apply for his commission within 60 days and pay the fee therefor and file his duplicate oath of office within fifteen days after the receipt of the commission, vacated the office, and he thereupon appointed L. E. Cowling assessor.   This suit resulted, the circuit judge gave judgment for Cowling, and Boyett appeals.

The appellant makes these contentions:

32

· 1.   That sections 647-648, Kirby's Digest, containing the provisions above referred to, viz.: applying and paying for commission within 60 days and filing duplicate oath within 15 days thereafter, were repealed.

2.   That said statutes are unconstitutional.

3.   That the Governor did not have the right to fill a vacancy in the office of assessor.

1.   The contention is made, that said sections were repealed by act of March 14, 1881 (pp. 73-75), and said act being in turn repealed by act of March 2, 1883 (pp. 73-74), which is found in Kirby's Digest, § 646.

The act of 1881 provides for commissions for district, county and · township offices to be sent to the clerks of the several counties, and that the clerk should collect the fees therefor and deliver the commissions to the officers upon their payment of the fees, and when default was made should return the commissions to the Secretary of State. The clerk was required to notify the officers, and to keep a record of the commissions, date of qualifications and other details. The act of 1883 provided for payment into the treasury, and required the Secretary of State, on receiving duplicate receipt from the Treasurer, to forward the commission. Section 646, Kirby's Digest. None of these matters reached to the point covered in the act of 1875, which constitutes §§ 647 and 648. The requirement that the commission be applied for and paid for within 60 days, and that the oath of office be taken within 15 days thereafter, and the duplicate filed with the Secretary of State, was consistent with each change in the method of receiving the commissions and the amount of fees due therefor and the officer to whom the fees were payable.

It is elemental that repeals by implication are not favored, and they are only recognized when efforts to harmonize the legislation are futile. These acts are susceptible of being read together without being inconsistent or in conflict with each other.

It is also argued that sections 6955, 6956 and 6958, Kirby's Digest, parts of the Revenue Act of 1883, repealed sections 647, 648, in so far as the assessor is concerned. Section 6955 requires the assessor, within 15 days after receiving his commission, to enter into bond, and section 6956 requires him on or before

the first day of January, and before discharging the duties of his office, to take the oath prescribed by the Constitution for all officers, and also an additional oath therein set out, pertaining to his office, which must be indorsed on his book, and section 6958 provides for a forfeiture of the office for failing to obey the foregoing provisions. These are all additional requirements to sections 647, 648, and there is no such inconsistency between them as to require the court to hold the former act repealed. The whole subject-matter is not covered by any of this later legislation, and, the acts all being susceptible of standing without impinging on each other, it is the duty of the court to give effect to each of these legislative enactments, and therefore the court holds sections 647, 648 not repealed.

2. Are these statutes unconstitutional?

The State has a right to require its officers to take an oath to support the Constitution of the United States and of the State of Arkansas and to faithfully discharge the duties of the office. This is not denied. The Constitution requires certain officers to be commissioned by the Governor. Some fee has always been attached to official commissions. In early days only the fee to the Secretary of State for affixing the Great Seal, but later an act graduating fees for the various offices, from one to fifteen dollars, was passed. Persons elected to office take the office subject to such regulations, impositions and restrictions as the General Assembly may impose which are not forbidden by the Constitution, directly or by necessary implication. *Hyde* v. *State,* 52 Miss. 665.

It is urged that the constitutional requirement that the Governor commission the officers carries with it an inhibition on the Legislature fixing a fee to be paid for the commission; but it would be a straining of the purport of this clause to construe it into such a prohibition; it was only a mandate that the officers should be commissioned, and that the Governor was to perform this duty. No question of an unreasonable restriction on the issuance of the commission is in this case as there was in *Chism* v. *Martin,* 57 Ark. 83.

The New Hampshire court said: "The choice of a person to fill an office constitutes the essence of his appointment. After the choice, if there be a commission, an oath of office, or any cere-

mony of inauguration, these are forms only, which may or may not be necessary to the validity of any acts under the appointment, according as usage and positive statute may or may not render them indispensable." *Johnson* v. *Wilson,* 2 N. H. 202, s. c. 9 Am. Dec. 50; Mechem on Officers, § 114.

It will be noted that, this statute renders commission and oath indispensable to the incumbency of the office. In *State* v. *Johnson,* 26 Ark. 281, it was held that a provision of the schedule of the Constitution of 1868 requiring officers to qualify within 15 days after notification of election or appointment was mandatory.

After a careful and exhaustive review of the authorities, the Nebraska court says: "It will thus be seen that the overwhelming weight of authority under statutes much less mandatory than our own is to the effect that, where a time is prescribed within which one, in order to be inducted into office, must take the oath or file a bond, the taking of the oath or the filing of the bond is a condition precedent to the right to enter upon the office, and that the right is absolutely lost by a failure to perform the condition within the time limited." *State* ex rel. *Berge* v. *Lansing,* 46 Neb. 514, s. c. 35 L. R. A. 124. The statutes at bar are of exactly the same character as those above mentioned, and the foregoing statement is equally applicable to them. It follows that these statutes are valid.

3. This brings the case to the question of whether the Governor could fill the vacancy.

In the case of *Rice* v. *Palmer, ante,* p. 432, the court holds that the amendment conferring the appointing power upon the Governor failed to be adopted.

It is contended that Boyett's having failed to comply with sections 647-648, Kirby's Digest, created a vacancy in the office of assessor, and he, having no right to the office thus lost to him, could not maintain an action against Cowling for it; and has no more right to question Cowling's title to the office than any other citizen. This would be the case if Boyett was not the holdover assessor. He was in office when this vacancy in the new term was created, and, it not being legally filled, left him in office until a legally elected successor qualified.

The office of assessor was created by section 46, art. 7, Const. and vacancies in all offices created by art. 7 are to be filled by

special election called by the Governor, except when the vacancy occurs in county and township offices within six months and in other offices within nine months of the general election, in which event the Governor appoints for the remainder of the term. Const., art. 7, § 50; Sand. & H. Digest, § 2691 (a section not carried into Kirby's Digest).

The judgment is reversed, and judgment entered here dismissing Cowling's complaint.

Justice WOOD concurs in the judgment, but not in opinion on subject of the effect of the statutes.

Justices RIDDICK and McCULLOCH concur in opinion except as to that part holding that Amendment No. 3 was not adopted, their views on this subject being expressed in their dissenting opinions in the case of *Rice* v. *Palmer, supra.*