ASHBY *v.* PATRICK.

Opinion delivered May 26, 1930.

*Ross Mathis,* for appellants.

BUTLER, J. Hunter Special School District of Woodruff County, Arkansas, is a special school district in the town of Hunter, and at the May election for directors of said district in 1928 the two persons elected failed to qualify by taking and filing the oath of office within the time prescribed by statute, and for that rea-

son there was a vacancy in the board. *School District* v. *Bennett*, 52 Ark. 511, 13 S. W. 132; *Boyett* v. *Cowling*, 78 Ark. 494, 94 S. W. 682. At the May election following there were five directors to be elected. Just why the other vacancy occurred in the board is not shown. Two directors were to be elected for a three-year term, two for a two-year term, and one for a one-year term. There were rival sets of candidates.

On the face of the returns appellants were elected, and a contest was filed with the county board of education by the appellees contesting the election on the ground, among others, that a majority of the qualified electors had voted for the appellees. This contest was heard by the board, the votes were recounted and the ballot purged, resulting in the elimination of twenty-two votes cast for the appellants and eight for the appellees, and, after the elimination of these votes, it was found that the appellants still had a majority of the votes cast at the election, and they were declared duly elected. From this order an appeal was taken to the circuit court, which court, at the conclusion of the evidence, held that the election was void because of the form of the ballot, and judgment was rendered declaring neither the appellants nor the appellees elected. From that judgment is this appeal.

As the school district was a special school district within an incorporated town, the election is governed by §§ 8963 to 8971 of Crawford & Moses' Digest, inclusive, and there is no form of ballot prescribed therein. Therefore, if the ballot voted on was such as not to mislead the electors but to give them an opportunity to express their will, it was sufficient. The ballot in question was so prepared that the names of the rival sets of candidates were placed thereon as follows:

FOR SCHOOL DIRECTORS

For 3-Year Term                    (Vote for Two)

J. I. Ashby

J. W. Burns

For 2-Year Term   (Vote for Two)
   H. O. Penrose
   W. P. Dawson

For 1-Year Term   (Vote for One)
   Garvin Melvin

For 3-Year Term   (Vote for Two)
   Mrs. Jas. Patrick
   Mr. H. F. Suhr

For 2-Year Term   (Vote for Two)
   Mr. J. F. Acton
   Mrs. Elmer Brinneman

For 1-Year Term   (Vote for One)
   Chas. Forth

By this it is apparent that the candidates of the rival factions were grouped together, the candidates of one faction being two each for the three and two-year terms and one for the one-year term occupying the first part of the ballot and immediately following this on the same ticket and immediately below the candidates of one faction appeared the names of the candidates of the other faction in the same order and same directions. We see nothing in this that would have been likely to confuse the voters. It is perfectly apparent that the candidates were purposely grouped so as to give the electors the most convenient method of registering their will, and that they were not in any way deceived. The real inquiry is as to whether or not the appellants or the appellees received the highest number of votes cast. All legal votes should be counted that were cast, and, if any elector was deceived or confused by the form of

the ballot so that he did not vote as he intended, this might have been shown, but there was no evidence offered to this effect, and we conclude that none were in fact deceived. As we have seen, there was no form of ballot prescribed by the statute, and therefore any form might be used, and the election conducted in any manner which would not deprive the legal voters of their right to participate in the election or to create such an uncertainty that there would be no means of ascertaining which of the candidates the voters meant to favor with their ballot. *Stafford* v. *Cook,* 159 Ark. 438, 252 S. W. 597; *Rhodes* v. *Driver,* 69 Ark. 501, 64 S. W. 272; *Cain* v. *CarlLee,* 169 Ark. 887, 277 S. W. 551; 9 R. C. L. 1092.

It seems that the only question about which witnesses were called to testify or which was made an issue in the court was that there was no vacancy on the board by reason of two electors, elected at the May, 1928, election, failing to qualify. The regularity of the election was not challenged by any evidence in the circuit court or any contention made that the board excluded legal votes or included illegal votes in their recount, and at the conclusion of the trial, when it was announced that the reason of any production of the proof was to show that the directors did not qualify (those elected at the May, 1928, election) the court said: "I am going to decide the case upon the ballot and refuse to decide on the director matter. After hearing the evidence the court holds the election void because of the form of the ballot." Thereupon judgment was rendered accordingly.

For the error of the trial court in declaring the election void because of the form of the ballot, the judgment is reversed and the cause remanded for further proceedings according to law and not inconsistent with this opinion.