BENNETT *v.* MILLER.

4-2711

Opinion delivered October 31, 1932.

*Lamb & Adams,* for appellant.

McHANEY, J. At the annual school election in Trumann Consolidated School District No. 2, Poinsett County, Arkansas, held May 16, 1931, no person qualified as a candidate for school director, and no names appeared on the ballot sent out for use in the election by the board of education. The ballots sent out to be used in the election were provided with blank spaces for the insertion of the names of the persons for whom an elector wished to vote for directors. Appellants and appellees were candidates at said election for directors. Appellants prepared or caused to be prepared stickers or pasters with their names printed thereon which they caused to be distributed to voters at the polls on election day and 700 of the electors took said stickers, pasted them on the official ballot and thereby voted for the appellants. Appellants received a majority of the votes polled at the election, their vote ranging from 614 for McMahan to 757 for Sullens; whereas the votes for appellees ranged from 81 for Smith to 326 for Miller. The judges of election certified that appellants had therefore been elected. Thereafter appellees filed a petition with the county board of education as provided by § 30 of act 169 of 1931, seeking to have thrown out all ballots on which stickers appeared as illegal, and that the county board recount the legal ballots and the result declared by the county board. The county board, on its own mo-

tion, dismissed the petition for contest, and the appellees appealed to the circuit court. There the case was tried on a stipulation substantially as above set out, where the cause was dismissed as to appellees Miller, Watkins and Smith on their motion. The court held that all ballots on which stickers were pasted were void, should not be counted, and, after casting them out appellees Pennington, Houston and Clark were elected.

There is no allegation of fraud in this election. The electors were neither misled or coerced into voting for any particular candidates. On the contrary they freely expressed their choice of candidates. Mr. Miller, originally a contestant, was one of the judges of election. He made no complaint as to the form of ballot or that stickers were used by some of the electors in voting. We think it makes no difference how the electors placed the names of the persons they desired to vote for on the ballots, in the absence of fraud. They might have been written with pen and ink, pencil, typewritten, or by stickers and the result would be the same, as in either case it expressed the wish of the individual elector. We find no directions in the statutes regulating school elections prescribing exactly how the elector shall put on the ballot the name of the person for whom he wishes to vote. Section 3803, Crawford & Moses' Digest, relating to elections generally, provides that the elector shall scratch off the names of all candidates except those for whom he wishes to vote, "and write the name of any person for whom he may wish to vote whose name is not printed * * * on the ballot at all." We do not think the word "write" is there used in a technical sense, but that such name might be placed on the ballot in any convenient way, such as the use of a rubber stamp or a sticker as was done in this case. As said by this court in *Ashby* v. *Patrick,* 181 Ark. 859, 28 S. W. (2d) 55: "If the ballot voted on was such as not to mislead the electors but to give them an opportunity to express their will, it was sufficient." So here the ballot did not have the names of any persons who were candidates for directors.

It was left to the electors to vote for whom they pleased by "writing" their names on the ballots. If they chose to use stickers with the names of the persons they desired to vote for printed thereon we can see no valid objection thereto, and there is no provision of statute violated.

The judgment will be reversed, and the contest dismissed. It is so ordered.