The Honorable Will Feland Prosecuting Attorney P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Feland:
This is in response to your request for an opinion concerning the use of "stickers" by a write-in candidate running for Sheriff in Lonoke County. You have asked the following specific question in this regard:
 May stickers be used under present law to cast a vote for a write-in candidate?
It must be concluded that the answer to your question is no. In Bennett v. Miller, 186 Ark. 413, 53 S.W.2d 853 (1932) and Pace v. Hickey, 236 Ark. 792, 370 S.W.2d 66 of a sticker bearing the printed name of a candidate constituted a "write-in vote" for purposes of statutes providing blank lines at bottom of ballots for write-in votes. In each of the cases cited above, the Court was interpreting language similar to that contained in Arkansas Code of 1987 Annotated 7-5-208(n)(3) wherein it is stated in pertinent part:
 In all elections, except primary elections, at the bottom of each list of names for each position or office appearing on the ballot there shall be a blank line or lines, for possible write-in votes for that position or office.
In concluding that the use of stickers was valid and permissible, the Court refused to construe the term "write" in its technical sense and further noted that the name of a write-in candidate could be placed on the ballot ". . . .in any convenient way, such as the use of a rubber stamp or a sticker. . . ." Bennett, supra, at 414; Pace, supra, at 793.
However, in pace the Court intimated that its decision might have been different if during the intervening years following the Bennett decision the legislature had modified the provisions pertaining to write-in votes to suggest that the interpretation rendered by the Court in Bennett was contrary to legislative intent.
The language contained in A.C.A. 7-5-315(2) reflects the clear intent by the legislature that write-in votes be in the actual handwriting of the individual casting the vote. Section7-5-315(2) (Supp. 1987) reads as follows:
 No write-in vote in any election in this state may be counted unless the name of the write-in candidate shall have been written on the ballot in the handwriting of the person casting the vote. . . .
Established rules of statutory construction require that provisions pertaining to the same general subject matter be read in pari materia (together), and to the extent possible they be reconciled and each given effect. Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986). Where two statutes cannot be reconciled, the later one in time controls. State v. Lawrence, 246 Ark. 644,439 S.W.2d 819 (1969).
It is therefore clear that a court will attempt to reconcile A.C.A. 7-5-208 and 7-5-315. I it is determined that these provisions conflict, 7-5-315 will control as the later one in time. Necessarily, therefore, it must be concluded that write-in votes cannot be cast by means of a sticker. The write-in candidate's name must be in the actual handwriting of the person casting the vote.
Note should also be taken of Smith v. State of Arkansas,385 F. Supp. 703 (E.D.Ark. 1975). In that case the District Court considered the constitutionality of 7-5-315(b) as applied to handicapped persons unable to cast their votes due to physical infirmity or as a result of their inability to read or write. In concluding that the handwriting requirement was constitutional, the Court accepted the State's construction that the provision was to be applied to individuals capable of writing; thus, the provision was inapplicable to plaintiff or the class represented by him. With respect to handicapped individuals, the Court stated that the provision must be construed to include the handwriting of persons assisting the voter as provided under A.C.A. 7-5-310
(Supp. 1987). The Court recognized the legislature's intent to preclude voting by stickers by stating:
 It may be noted that the construction we have adopted is consistent with what has been stated to be the legislative intent to bar voting for write-in candidates by use of gummed stickers, and we would emphasize that nothing we have said is intended to authorize voting by use of such stickers.
Smith, supra, at 705 n. 4.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.