The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Building Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on the following question:
 May a person run for a school board position as a write-in candidate? If so, when does the person file his notice of intent, during the period established in A.C.A. 6-14-112 or A.C.A. 7-5-205?
For the reasons that follow, it is my opinion, although it is an unclear area of the law, that the answer to the first part of this question is "no".
Four Arkansas statutes and two Arkansas cases must be analyzed in order to resolve your question. The first statute you have cited is A.C.A. 6-14-112, and you note that this statute provides that candidates for school district directors must file their petitions "at least forty-five (45) days before the annual school election." This language is found not at 6-14-112, but at 6-14-111, and it provides in pertinent part as follows:
 (b) The county board of election commissioners shall place on the ballots, as candidates for school district director or member of the county board of education, names of any qualified voters whose names have been presented to the board by petition of at least twenty (20) qualified registered voters, residents of the respective districts or zones, at least forty-five (45) days before the annual school election.
The second statute we must consider is A.C.A. 7-5-208 (Supp. 1987). That statute provides in subsection (h)(3) as follows:
 (3) IN ALL ELECTIONS, EXCEPT PRIMARY ELECTIONS, at the bottom of each list of names for each position or office appearing on the ballot there shall be a blank line or lines, for possible write-in votes for that position or office. However, the blank line shall not appear on the ballot with respect to those offices and candidates for positions in which no person has qualified as a write-in candidate by filing his intentions to be a write-in candidate within the time prescribed in 7-5-205. [Emphasis added.]
Section 7-5-205 (Supp. 1987), which is noted in the above statute, as amended by Act 912 of 1989 of the Arkansas Code, provides:
 No votes for write-in candidates IN GENERAL ELECTIONS shall be counted or tabulated unless the candidate or his agent shall notify in writing the county board of election commissioners and either the Secretary of State if a state or district candidate, or a county clerk if a candidate for a county township or municipal office, of his intention to be a write-in candidate not later than sixty (60) days before the opening of the polls. [Emphasis added.]
Section A.C.A. 6-14-111 applies specifically to school elections and makes no provision for write-in candidates. Section A.C.A.7-5-208, however, applies to "all elections except primary elections", which would presumably include school elections. That statute, however, also says that write-in candidates must qualify as required by A.C.A. 7-5-205. That provision only applies to "general elections", and thus not to "school elections". In order to determine the answer to your question, then we must decide if A.C.A. 7-5-208 and 7-5-205 are applicable to school elections, and thus provide for the election of write-in candidates in those elections in addition to those candidates complying with A.C.A.6-14-111.
Historically, the Supreme Court of Arkansas appears to have presumed in its opinions that write-in candidates could be elected to school board positions. In Bennett v. Miller, 186 Ark. 413
(1932), the Supreme Court, in deciding an issue relating to the pasting of name "stickers" on the ballot, did not find any "directions IN THE STATUTES REGULATING SCHOOL ELECTIONS prescribing exactly how the elector shall put on the ballot the name of the person for whom he wishes to vote." (Emphasis added). The court then went on to apply a statute that related to the law of elections GENERALLY.
The court in Clement v. Davis, 235 Ark. 936, 362 S.W.2d 706
(1962), was faced with the issue of whether, in a school election, a voter must place an "X" in the box after the voter had written in the name of a write-in candidate. In resolving this issue, the court relied upon what is now A.C.A. 7-5-208(h)(3), set out above, which appears in the general election laws, to resolve the issue with respect to a school election. This reliance was correct, in that at the time of the Clement decision, there was a statute on the books, (Ark. Stat. Ann. 3-826, later A.C.A. 6-14-101), which provided in pertinent part as follows:
 (a) The general election laws, insofar as applicable, shall apply to school elections.
This provision would render A.C.A. 7-5-208 applicable, so far as practicable, to school elections. Thus the Supreme Court in Clement properly applied the general election laws to an issue involving a school election.[1] The problem with applying the provisions of the general election laws to procedures for school election today is that former Ark. Stat. Ann. 3-826, (A.C.A.6-14-101) was repealed by Act 248 of 1987.
There is now no provision on the books which makes the general election laws applicable to school elections. In the absence of such a provision, it is my opinion that A.C.A. 7-5-208 and 7-5-205
are not applicable to school elections. Although 7-5-208(h)(3) appears to be applicable to "all elections except primary elections", it conditions its provisions upon a write-in candidate's compliance with 7-5-205, which by its plain language applies only to general elections. If A.C.A. 7-5-208 and 7-5-205
are inapplicable, the only controlling provision is A.C.A.6-14-111 which makes no provision for write-in candidates, and requires that each candidate for a school district director present a petition signed by a least twenty registered voters to the County Board of Election Commissioners at least 45 days before the annual school election. Additionally, A.C.A. 6-14-111 is the latter statute, and to the extent of any conflict, controls over7-5-208(b)(3) State v. Lawrence, 246 Ark. 644, 439 S.W.2d 819
(1969).
Accordingly, it is my opinion, although the issue is by no means clear, that an individual may not run for a school board position as a write-in candidate.[2] The current statutes, in my opinion, simply do not provide for it. In light of this conclusion, resolution of the second part of your question becomes unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] The court in Bennett, supra, did so even without benefit of the statute, as that case was decided prior to the adoption of Ark. Stat. Ann. 3-826. The Bennett case, however, was decided under an entirely different statutory scheme.
[2] This conclusion may raise some constitutional questions. It has been held that the right to be a candidate for public office is a fundamental one, which should not be curtailed without good cause. Fisher v. Taylor, 210 Ark. 380, 196 S.W.2d 217
(1946). It should also be noted, however, that the Arkansas Supreme Court has held that the legislature may validly and constitutionally prohibit the use of write-in votes in a municipal general election. Davidson v. Rhea, 221 Ark. 885, 256 S.W.2d 744
(1953). That case, however, appears only to involve Arkansas Constitution, Art. 3, 2 and not any United States Constitutional provisions. It has been held that a state may not prohibit the use of write-in votes, at least in general elections. Socialist Labor Party v. Rhodes, 290 F. Supp. 983 (S.D.Ohio 1968), aff'd in part and modified in part, Williams v. Rhodes, 393 U.S. 23 (1968). The law of Arkansas, however, appears to be distinguishable from the law at issue in Rhodes, in that the Arkansas law prohibits not the use of write-in votes in general elections, but in primary elections, (A.C.A. 7-5-208(h)(3)), municipal elections (A.C.A.14-43-202), and in school elections (as concluded in this opinion). Thus, whether the holding of Rhodes is controlling with respect to the situation in Arkansas is arguable.