ROBERT O. JUSTICE *v.* ARCH CAMPBELL

5-4220                                410 S. W. 2d 601

Opinion delivered January 19, 1967

*Dale Price* and *Fletcher Jackson,* for appellant.

*Langston & Langston* and *Sloan & Ragsdale,* for appellee.

LYLE BROWN, Justice. Robert O. Justice filed this suit in the Pulaski Circuit Court seeking to debar the defendant, Arch Campbell, from the office of County Judge. Campbell responded and asked the Court to confirm his title to the office. Campbell prevailed, and Justice appeals.

The case was submitted on stipulation, and the facts agreed upon which are now pertinent may be summarized as follows:

1. R. A. (Arch) Campbell duly assumed the office of County Judge on January 1, 1965, which term of office would normally have expired on January 1, 1967.

2. Tom Gulley was elected to the office of County Judge at the General Election on November 8, 1966, for a two-year term beginning January 1, 1967. Mr. Gulley died November 24, 1966.

3. Arch Campbell claims the office by virtue of Art. 19, § 5 of the Constitution of Arkansas, which reads as follows: "All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified."

4. Robert O. Justice was appointed and commissioned by the Governor on January 1, 1967, and took the oath of office on that date. Justice claims title to the office by virue of that appointment. The Governor acted under the provisions of Ark. Stat. Ann. § 12-113 (Repl. 1956): "When a person elected to an office (and) shall by reason of death, or for any other cause, fail to qualify, the office shall be deemed vacant and shall be filled as provided by the Constitution and statutes of the State. [Acts 1929, No. 311, . . .]"

Another provision of the Constitution—Amendment 29, Section 1 (1938)—is brought into the case by appel-

lant. That section is as follows: "Vacancies in the office of United States Senator and in all elective state, district, circuit, county, and township offices, except those of Lieutenant Governor, Member of the General Assembly, and Representative in the Congress of the United States, shall be filled by appointment by the Governor."

We find no conflict in these Constitutional provisions. At first blush, the wording in Amendment 29, "vacancies . . . shall be filled by . . . the Governor . . .," would seem to sustain the position of Robert O. Justice. Any such impression has clearly been dispelled by the legal authorities immediately cited *infra.*

In *State* v. *Green and Rock,* 206 Ark. 361, 175 S W. 2d 575 (1943), in referring to Amendment 29, Section 1, this Court said: "The words 'vacancies in the office of' as there used refer to offices which on account of death, resignation, removal or abandonment of the previous holder thereof, or for some other cause, have in fact no incumbent."

An incumbent of an office is one who is in present possession of an office; one who is legally authorized to discharge the duties of that office. *Hilliard* v. *Park,* 212 Tenn. 588, 370 S. W. 2d 829; *People* v. *Rapsey,* 16 Cal. 2d 636, 107 P. 2d 388; *State* v. *Blakemore,* 104 Mo. 340, 15 S. W. 960.

Judge Campbell's position is correct, and in conformity with the provisions of the Constitution of Arkansas. It is not difficult to harmonize the two sections cited, and it is our duty to give effect to both provisions. Our holding is further strengthened by the rule in a majority of the jurisdictions. Quoting from 74 A.L.R. 486:

"II. Majority Rule. (a) Rule stated. In a majority of jurisdictions the rule obtains that the death or disability of an officer elect before qualifying does not create a vacancy in the office which may be

filled by the appointing power, since he never occupied the office, and that under the provision that an incumbent shall hold his office until his successor is elected and qualified, the prior incumbent is entitled to continue in the office until the election and qualification of his successor."

Summarizing, when Amendment 29, Section 1, directs that certain enumerated vacancies shall be filled by appointment by the Governor, it means that when an office holder in present possession of an office and legally authorized to discharge the duties of that office, dies, resigns, is removed, or abandons the office, a vacancy is created.

In *Rice* v. *Palmer,* 78 Ark. 432, 96 S. W. 396 (1906), this Court had before it two questions:

1. Whether Amendment No. 3 to the Constitution authorizing appointments to fill vacancies by the Governor was legally adopted; and

2. Whether Palmer, the incumbent Clerk, should hold over or relinquish the office to an appointee of the Governor.

Mr. Maroney was elected, but died before he could legally take office, just as in the case before us.

The Majority Opinion did not reach Point Two, because it held that the amendment was not adopted. Justice Riddick, in a concurring opinion, and joined by Justice Wood, took the position that the amendment had been adopted, and proceeded to Point Two. Of course, the concurring opinion is not a precedent. However the following statement, supported by cited authorities, is significant:

"A vacancy in an office may be caused by the death, resignation or removal of the official holding the office, or by the creation of a new office. *Smith* v. *Askew,* 48 Ark. 89. 'As a general rule, there is a

vacancy in office whenever there is no incumbent to discharge the duties of the office, that is, whenever the office is empty or unfilled; but as long as there is any one authorized to discharge the duties of the office, the office is not to be deemed vacant so as to authorize the exercise of the power to fill vacancies in office.' 23 Am. & Eng. Enc. Law (2 Ed.), 348, 349; *State* v. *Harrison,* 113 Ind. 434, 3 Am. St. Rep. 663; *People* v. *Edwards,* 93 Cal. 157; *Baxter* v. *Latimer,* 116 Mich. 356.''

Ark. Stat. Ann. § 12-113 is in conflict with the Constitution, wherein it attempts to declare an office vacant because of the failure of one elected to the office to qualify. The Constitution, Art. 19, § 5, declares in substance that in that event the office is not in fact vacant —it is filled by the incumbent until his successor is elected and qualified.

Appellant advances this argument:

''Statutes declaring what shall constitute a vacancy in public office have arisen in two Arkansas cases. They are *Boyett* v. *Cowling,* 78 Ark. 494, 94 S. W. 682 (1906); and *Townley* v. *Hartsfield,* 113 Ark. 253, 168 S. W. 140 (1914). In both cases the Supreme Court of Arkansas gave effect to the statutes involved and found that there was a vacancy in office created by the statute involved. Both cases are very much in point.''

With this statement we cannot agree. In the Boyett case the incumbent was re-elected but failed to apply for his commission and pay the fee therefor within sixty days. The Governor took the position that the office was vacant and appointed Cowling. This Court rejected Cowling's title to the office, holding that Boyett was the holdover Assessor, leaving him in office until a legally elected successor qualified.

Now as to the Townley case, there the incumbent road overseer was re-elected, but died before a new

term was to begin. The then County Judge appointed Townley. A new County Judge came in office and appointed Hartsfield for the new term for which the deceased road overseer was elected. This Court sustained Hartsfield's appointment. However, it was pointed out that the office of Road Overseer was created by statute "and it may be filled by election or appointment just as the statute may prescribe." The Legislature provided by local legislation for selection of road overseers by appointment in some Counties, and by election in others. In those Counties where they were to be elected, the statute reserved the power of appointment in the County Court in instances where one was elected and failed to qualify. So, in Townley we are dealing with an office which was a creature of the Legislature, and could, in fact, be abolished by the Legislature.

Appellant cites a number of statutory provisions which declare a vacancy in a State or County office when one elected to office fails to make bond when required, fails to obtain a commission, etc. The logical interpretation of these statutes in the face of the Constitution, Art. 19, § 5, is that the newly elected official failing to qualify as required by statute, is deemed to have forfeited his right to the office. Such a situation calls for action on the part of the Governor not inconsistent with the provisions of the Constitution and laws in harmony therewith, to cause the approaching vacancy in the new term to be filled.

Under the facts in the case at bar we hold that there was no vacancy in the office of Pulaski County Judge on January 1, 1967; that the power of appointment prescribed in Ark. Stat. Ann. § 12-113 is therefore not applicable in such a situation; and that Arch Campbell is authorized to hold the office until his successor is elected and qualified, as prescribed by Art. 19, § 5, of the Constitution. We are further of the opinion that this Constitutional provision contemplates the filling of the new term by election. The phrase, "until their successors are elected and qualified," is susceptible to

no other reasonable implication but that the office be filled by a vote of the people. There are numerous instances in which legislation is appropriately enacted to implement the requirements of the Constitution.

Affirmed.