The Honorable Will Feland Prosecuting Attorney P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Feland:
This is in response to your request for an opinion concerning the position of constable of York Township in Lonoke County. Specifically you describe a situation in which the incumbent constable was defeated in the primary election by an individual who went on to win the general election. Before taking office, the new constable-elect moved from York Township to Butler Township, and never took the oath of office as constable. Your question is whether, in this instance, the defeated incumbent constable can still legally serve as constable of York Township, and if so, for how long.
In my opinion, resolution of this question is controlled by the Arkansas Supreme Court's decision in Justice v. Campbell, 241 Ark. 802,410 S.W.2d 601 (1967). In Justice, the incumbent county judge was defeated by a candidate who died after the election but before taking office. The court held that no vacancy was created because a "vacancy" contemplates disqualification of the "incumbent." The court held that a county judge-elect is not an "incumbent" because he is not in present possession of the office and legally authorized to discharge the duties of the office. Stat v. Green and Rock, 206 Ark. 361, 175 S.W.2d 575 (1943). This being the case, the court concluded that the defeated county judge, under Arkansas Constitution Art. 19, 5 was authorized to hold office until his successor was "elected and qualified." The court held that this provision mandated that the successor be elected. We know from McCraw v. Pate, 254 Ark. 357, 494 S.W.2d 94 (1973), that the position may not be filled by special election. It is therefore my opinion that the defeated incumbent constable is authorized to hold his position until the next general election.
This conclusion is consistent with A.C.A. 14-14-1308 which sets out certain instances in which a vacancy may be declared. All of the instances in that statute involve circumstances which would disqualify the "incumbent." If, as was held in Justice, an officer-elect is not an incumbent, this statute may not be used to declare a vacancy when the officer-elect becomes disqualified.
Finally, it should be noted that the conclusion of this opinion will only obtain in the event the constable-elect is truly disqualified. Resolution of this question will turn upon whether the constable-elect has in fact moved his legal residence from York Township. "Legal residence" is defined in A.C.A.14-14-1306(c) as "the domicile of the officer evidenced by an intent to make such residence a fixed and permanent home."
Of course, if there are additional facts surrounding this situation of which I have not been made aware, it may be necessary to modify this opinion accordingly.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.