The Honorable Bill Clinton Office of the Governor State Capitol Little Rock, AR 72201
Dear Governor Clinton:
This is in response to your request for an opinion as to whether an appointment made to a board or commission is effective and legal when made before there is a vacancy.
I assume that this question is asked with respect to your constitutional appointive authority. See Ark. Const. art. 6, §§22 and 23; art. 7, § 50; and amend. 29. It is my opinion that a vacancy must exist before an appointment may be made. The constitutional provisions all speak in terms of a vacancy occurring in the office, with the obvious inference that a vacancy exists. The cases that have addressed the existence of a "vacancy" confirm this inference, wherein it is concluded that the power of appointment arises when the incumbent dies, resigns, is removed, or abandons the office, or where the office for some other cause has no incumbent. See, e.g., State v. Green andRock, 206 Ark. 361, 175 S.W.2d 575 (1943); Justice v.Campbell, 241 Ark. 802, 410 S.W.2d 601 (1967). The Campbell
case is illustrative, wherein the court determined that the death or disability of an officer elect before qualifying does not create a vacancy which may be filled by the appointing power. The court quoted the following:
 `A vacancy in an office may be caused by the death, resignation or removal of the official holding the office, or by the creation of a new office. [Citation omitted.] As a general rule, there is a vacancy in office whenever there is no incumbent to discharge the duties of the office, that is, whenever the office is empty or unfilled; but as long as there is any one authorized to discharge the duties of the office, the office is not to be deemed vacant so as to authorize the exercise of the power to fill vacancies in office. [Citations omitted.]
241 Ark. at 805-806.
It thus seems clear that the Arkansas Supreme Court has taken the position that the office must in fact be vacant before an appointment may be made. The existence of a vacancy will, of course, involve a question of fact.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh