The Honorable Pat Flanagin State Representative 935 North Washington Forrest City, Arkansas 72335
Dear Representative Flanagin:
This is in response to your request for an opinion concerning how a position on the Parkin School Board ("Board") should be filled when there were no candidates for the office in the annual school election held last month. In your correspondence you note that after no one was elected to the position, the Board voted to appoint an individual, despite the fact that the person who currently holds the seat (who chose not to run for re-election) is willing to continue to serve until a successor is elected. With respect to this matter, you have asked for an opinion as to whether the Board has the authority to make such an appointment.
With regard to your question, it is my opinion that the Parkin School Board has no authority to make an appointment in this instance; rather, the incumbent should be allowed to hold office until his or her successor is elected and qualified (that is, at the next proper election date).
Section 6-13-611(a) (Repl. 1993) of the Arkansas Code provides that "[i]f a vacancy occurs on the school district board of directors, the vacancy shall be filled by a majority vote of the remaining directors." Thus, if there were a vacancy on the Parkin School Board, the directors would be authorized to make an appointment to fill the position. It is my opinion, however, that there is no "vacancy" in this instance. That term has been defined, at least in one context, as meaning "offices which on account of death, resignation, removal or abandonment of the previous holder thereof, or for some other cause, have in fact no incumbent." Justice v. Campbell, 241 Ark. 802, 804,410 S.W.2d 601 (1967). It was also stated therein that:
 As a general rule, there is a vacancy in office whenever there is no incumbent to discharge the duties of the office, that is, whenever the office is empty or unfilled; but as long as there is any one authorized to discharge the duties of the office, the office is not to be deemed vacant so as to authorize the exercise of the power to fill vacancies in office. [Citations omitted.]
241 Ark. at 805-06, citing Rice v. Palmer, 78 Ark. 432,96 S.W. 396 (1906) (Riddick, J. concurring.) Since there is an incumbent, who is willing to continue to serve in the office, it is my opinion that no "vacancy" exists on the Parkin School Board under the facts presented in the request.[1] The incumbent board member should, as a result, be allowed to continue to serve. This conclusion is compelled be a review of the Code sections governing district boards of directors, and by Article19, § 5 of the Arkansas Constitution. With regard to directors appointed to fill additional authorized positions, A.C.A. §6-13-604(f) (Repl. 1993) states: "All directors so appointed shall serve until their successors are elected and qualified." Section 6-14-120(b) (Repl. 1993) also requires this service, "until their successors are elected and qualified," of directors elected or appointed in accordance with Act 30 of 1935 (A.C.A. §§6-13-611, 6-13-616, 6-13-617, 6-14-110, 6-14-114, 6-14-117,6-14-119, 6-14-120). Members of a school board who have been elected from single member zones, pursuant to A.C.A. § 6-13-615
(Repl. 1993), are also required to hold office until their successors have been elected and qualified. See A.C.A. §6-13-615(d).
While we have not been provided with sufficient facts to determine the applicability of the Code sections mentioned above, reference must also be made to Article 19, § 5 of the Arkansas Constitution which states: "All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified."[2] This office has previously stated that Article 19, § 5 may reasonably be construed to encompass school board directors. See Op. Att'y Gen. No. 89-143 (basing this conclusion on Article 14, § 4 of the Arkansas Constitution which specifically authorizes the General Assembly's creation of such positions). As there is, in my opinion, no "vacancy" in this case, and as the statutes on school board directors, as well as Article 19, § 5 of the Arkansas Constitution, provide for an incumbent officeholder to hold over or continue in office until a successor is elected and qualified, it is my opinion that the incumbent board member should be allowed to continue to serve. Accordingly, the Parkin School Board, in my opinion, lacks the authority to make an appointment in this instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] There are provisions among the statutes on school district boards of directors which provide that a "vacancy" is created in certain situations. See A.C.A. §§ 6-13-612(a) (Repl. 1993) (stating that when a member of the board of directors of any school district is convicted of a felony, a vacancy shall exist on the board from the date of the final judgment of conviction);6-13-613(a) (Repl. 1993) (stating that where school board member has entered the armed services, temporary vacancy exists);6-13-613(f) (Repl. 1993) (stating that if a school board member accepts employment at a distance from the school district such that it renders the maintenance of his residence in the district impossible or impracticable, if he removes his actual, bona fide residence outside the district boundaries on other than a temporary basis, or if he fails to attend a meeting of the school board for over a period of ninety (90) days, his office as a school board member may be declared vacant by a majority vote of the remaining school board members). However, none of those provisions would be applicable under the facts presented in this request.
[2] In Justice v. Campbell, 241 Ark. 802, 807-08,410 S.W.2d 601 (1967), the Arkansas Supreme Court held that the phrase "until their successors are elected and qualified," as appears in Article 19, § 5 of the Arkansas Constitution, "is susceptible to no other reasonable implication but that the office be filled by a vote of the people."