The Honorable Lu Hardin State Senator 260 Hilltop Drive Russellville, Arkansas 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following questions:
 (1) What are the residency requirements for an elected alderman for a city of the second class?
 (2) What is the procedure in the event it is determined an elected official did not meet residency requirements?
With regard to your first question, it has been determined, in previous opinions issued by this office, that elected officials such as city aldermen fall within the purview of Article 19, Section 3 of the Constitution of Arkansas which states that "no person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." The qualified elector requirement of art. 19, § 3 has been interpreted by the Arkansas Supreme Court to require residence in the political subdivision to be served. See Holt v. Davis,304 Ark. 619, 804 S.W.2d 362 (1991). In addition, A.C.A. §14-44-103(b)(1)(A) (1987) specifically provides that candidates for the office of alderman in cities of the second class must reside in the ward from which they seek to be elected.
We have previously addressed the issue of residency for an alderman in Op. Att'y Gen. 92-112. There, we concluded that whether or not one is a "resident" depends on where the person is "domiciled," which is dependent, to some extent, on the person's intent. The opinion details the factors to be considered and is enclosed for your review. Our interpretation in Op. Att'y Gen.92-112 is somewhat complicated by the subsequent amendment of A.C.A. § 7-5-201. Section (b) of that provision states, in part, that "[r]esidency shall generally be that place where one lives and works for a period of time, notwithstanding that there may be an intent to move or return at some future date to another place." The definition is part of the statute governing voter qualification which requires that the person vote in the county in which he resides twenty-one (21) days before the election and, in my opinion, it is unclear as to whether this definition would apply to an alderman's residency in the appropriate ward. In any event, the issue is a question of fact to be determined by an examination of all the circumstances and, as such, cannot be determined by this office.
As to your second question, A.C.A. § 14-44-103(b)(2) (1987) provides that "[i]f any duly elected alderman shall cease to reside in the ward from which he was elected, that person shall be disqualified to hold the office and a vacancy shall exist, which shall be filled as prescribed by law." Arkansas Code Annotated § 14-44-104 (1987) addresses the issue of a vacancy and states: "[w]henever a vacancy shall occur in the office of alderman in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to elect, by a majority vote of the council, an alderman to serve for the unexpired term." This would apply to the incumbent who becomes disqualified due to a change in residency but does not address the situation you appear to pose, however, wherein an officer-elect fails to satisfy the necessary residency requirements.
Article 19, Section 5 of the Constitution of Arkansas provides: "[a]ll officers shall continue in office after the expiration of their official terms until their successors are elected and qualified." In Op. Att'y Gen. 89-013, a copy of which is enclosed, this office addressed a situation wherein the new constable-elect of York Township moved to another township before taking office and never took the oath of constable. The issue was whether a vacancy had been created, thus necessitating the appointment of a new constable. Citing Justice v. Campbell,241 Ark. 802, 410 S.W.2d 601 (1967), we concluded that the defeated incumbent constable should serve as constable until the next general election. In Justice, the Arkansas Supreme Court held that a "vacancy" contemplates disqualification of the incumbent and an officer-elect is not an "incumbent" because he is not in present possession of the office and legally authorized to discharge the duties of that office. Therefore, under Art. 19, § 5, where an officer-elect becomes disqualified, the incumbent is authorized to hold office until his successor is elected and qualified.
It should be noted that under the facts in the above referenced opinion, there was no need to challenge the constable-elect's right to take office. In the event it appears the alderman-elect fails to satisfy residency requirements but proceeds to take the oath of office, someone with standing, i.e., someone claiming possession of the office, may file suit to oust the person. In addition, the Attorney General is authorized to institute suit under A.C.A. § 16-118-105(b)(3)(B), the "usurpation statute."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh
Enclosure