The Honorable Fletcher Long, Jr. Prosecuting Attorney, First Judicial District P.O. Box 989 Forrest City, Arkansas 72335
Dear Mr. Long:
This opinion is being issued in response to your recent questions regarding an election contest in Phillips County.
You have stated the following facts as the basis for your questions: Arnell Willis and Delaney Alexander were elected to the Quorum Court of Phillips County, Arkansas. Their opponents contested the election. The circuit court ruled that because of irregularities in the election process, the election as to the two positions for which Mr. Willis and Mr. Alexander ran was void, that the results of the election as to those two positions should be set aside, and that a new election for those positions should be held in March, 1996. The election commission is in the process of appealing the circuit court's order.
On the basis of this fact situation, you have presented the following questions:
 (1) Are Mr. Willis and Mr. Alexander qualified serving members of the Phillips County Quorum Court pending the appeal?
 (2) Are there two vacancies on the quorum court as a result of the circuit court's ruling?
RESPONSE
Question 1 — Are Mr. Willis and Mr. Alexander qualified serving membersof the Phillips County Quorum Court pending the appeal?
It is my opinion that Mr. Willis and Mr. Alexander are not qualified by virtue of the election that was contested to serve as members of the Phillips County Quorum Court pending the appeal of the circuit court's ruling.
Question 1 is directly addressed by the provisions of A.C.A. § 7-5-804, which states:
 (a) The election contest shall be tried by the circuit judge in open court without a jury.
 (b) An appeal may be taken from the judgment. However, the appeal shall not operate as a supersedeas by judicial order or otherwise and the judgment of the circuit court shall, until reversed, be obeyed by officeholder, political committees and their officers, and all election officers. It shall be the duty of the Supreme Court to advance the hearing of any such appeal.
A.C.A. § 7-5-804 (emphasis added).
This statutory provision indicates unequivocally that the appeal of an election contest judgment cannot act as a stay of the judgment. Rather, the judgment must be obeyed during the pendency of the appeal. Therefore, Mr. Willis and Mr. Alexander are not qualified by virtue of the election that was contested to serve on the quorum court during the pendency of the appeal.
Question 2 — Are there two vacancies on the quorum court as a result ofthe circuit court's ruling?
It is my opinion that there are two vacancies on the quorum court as a result of the circuit court's ruling.
A.C.A. § 14-14-1308 declares a vacancy in a quorum court position under certain circumstances, stating:
 A county, county quorum court district, or township office shall be considered vacant if any one (1) of the following conditions exists:
* * *
 (7) The election or appointment of the incumbent is declared void by a judicial proceeding;
A.C.A. § 14-14-1308(7).
Because I have determined that Mr. Willis and Mr. Alexander were "incumbents" within the meaning of A.C.A. § 14-14-1308(7) at the time of the circuit court's ruling, I must conclude that vacancies in their positions were created by that ruling.
The Arkansas Supreme Court has defined the term "incumbent" as follows: "An incumbent of an office is one who is in present possession of an office; one who is legally authorized to discharge the duties of that office. Hilliard v. Park, 212 Tenn. 588, 370 S.W.2d 829; People v. Rapsey, 16 Cal. 2d 636, 107 P.2d 388; State v. Blakemore, 104 Mo. 340,15 S.W. 960." Justice v. Campbell, 241 Ark. 802, 804, 410 S.W.2d 601
(1967).
It is my understanding that Mr. Willis and Mr. Alexander actually took office and entered upon their duties as quorum court members following the last general election. This being the case, they were, at the time of the court's ruling, in "present possession" of their quroum court positions, and were, up until that time, "legally authorized to discharge the duties" of those positions. Mr. Willis and Mr. Alexander therefore come within the Arkansas Supreme Court's definition of "incumbent." For this reason, vacancies in their positions occurred as a result of the circuit court's ruling, under the provisions of A.C.A. §14-14-1308(7).[1]
Conclusion
Upon the basis of the foregoing, I conclude as follows:
 (1) Under the provisions of A.C.A. § 7-5-804, Mr. Willis and Mr. Alexander are not qualified by virtue of the contested election to serve on the Phillips County Quorum Court pending the appeal of the circuit court's ruling.
 (2) Two vacancies exist on the Phillips County Quorum Court as a result of the circuit court's ruling.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] This situation is distinguishable from that which was before the court in of Faulkner v. Woodward, 203 Ark. 254, 156 S.W.2d 243 (1941). In that case, a justice of the peace sued his successor in office on the grounds that the successor was usurping the office, in that the successor was ineligible to serve in the office due to the fact that he had served as an election officer at the election in which the office was filled. The justice of the peace who sued was allowed to hold over in office under the provisions of Article 19, § 5 of the Arkansas Constitution. The court noted that the case was not an election contest, because there had been no valid election to contest, given that the successor had been ineligible to serve as a matter of law even at the time of the election. Unlike the situation in Faulkner, the situation about which you have inquired did involve an election contest. The election, therefore was not void ab initio, but rather, must be viewed as having been legal until such time as the court declared otherwise.
The Arkansas Supreme Court has held that Article 19, § 5 does not apply to situations in which a vacancy has occurred. See Justice v. Campbell,241 Ark. 802, 410 S.W.2d 601 (1967). The court appears to distinguish cases in which a successor is duly elected and later becomes disqualified from those in which it is found that a successor was never duly elected.