The Honorable Jodie Mahony State Senator 106 West Main-Suite 406 El Dorado, Arkansas 71730
Dear Senator Mahony:
This is in response to your request for an opinion regarding the City of Calion, a city of the second class. You state that two of Calion's aldermen did not seek re-election; however, no other candidates filed for the offices. Your question is whether the Calion City Council may elect two new aldermen or do the present aldermen continue in office. It is my opinion that the present aldermen may retain their positions until successors are elected and qualified. See Op. Att'y Gen. Nos. 96-328 and 90-301.
Arkansas Code Annotated § 14-44-104 (1987) provides:
 Whenever a vacancy shall occur in the office of alderman in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to elect, by a majority vote of the council, an alderman to serve for the unexpired term.
The critical question that must be answered is whether the failure of a successor to be elected to the position of alderman constitutes a "vacancy" within the meaning of A.C.A. § 14-44-104, such that the city council is authorized to elect an alderman to serve for the unexpired term. See generally Op. Att'y Gen. No. 94-069. This office has stated that as a general matter, it does not appear that a vacancy is necessarily created when there has been a failure to elect an individual to succeed an incumbent in office. Op. Att'y Gen. No. 94-069. In fact, Ark. Const. art. 19, § 5 provides: "[a]ll officers shall continue in office after the expiration of their official terms until their successors are elected and qualified." See Justice v. Campbell,241 Ark. 802, 410 S.W.2d 601 (1967) (court stated that "the phrase `until their successors are elected and qualified' is susceptible to no other reasonable implication but that the office be filled by a vote of the people"). This office has applied this provision to the position of alderman and concluded that an incumbent alderman is authorized to hold office until his or her successor is elected and qualified. See Op. Att'y Gen. Nos. 96-328, 95-401, 94-303, and 90-301.
It should, however, be noted that in the event an incumbent alderman abandons the office or refuses to continue to serve, a vacancy would exist such that the city council may elect an alderman to serve for the unexpired term.[1] See Op. Att'y Gen. Nos. 96-328 and 90-301.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] In the event a vacancy exists, the city council must also comply with A.C.A. § 14-42-103(a) (1987) which provides: "Vacancies in municipal offices which are authorized by state law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of the governing body. However, there must always be a majority of a quorum of the whole number of the governing body to fill the vacancy." Consequently, in order to fill a vacancy on the city council, there must be a majority vote of the remaining members of the of the city council — not simply a majority of those present. Op. Att'y Gen. No. 96-328. Further, there must always be a majority of a quorum of the whole number of the governing body in order to fill the vacancy. See
Op. Att'y Gen. Nos. 96-328, 90-301 and 90-028 (two remaining members of a five person council could not fill the vacancies on the city council; Governor has authority to fill vacancies in such a case).