The Honorable Denny Sumpter State Representative Post Office Box 5158 West Memphis, AR 72303-5158
Dear Representative Sumpter:
I am writing in response to your request for an opinion concerning an appointment that was made to fill a vacancy on the West Memphis City Council. You report the following facts:
 The vacancy existed as the result of the death of the incumbent after the deadline for filing nominating petitions and prior to the contested election for the position. The individual appointed to fill the vacancy was not a candidate for the position in the election. The election resulted in the deceased incumbent receiving the majority of the votes cast.
Your specific questions are as follows:
 In light of Article 19, Section 5, of the Arkansas Constitution, will the individual appointed to fill the vacancy continue in that position and hold over for the following term? If not, is there a statutory procedure for filling a vacancy under these circumstances?
 RESPONSE
The answer to your first question is "yes," in my opinion, rendering your second question moot.
The appointee in question presumably was appointed by the city council pursuant to A.C.A. § 14-43-411 to fill the vacancy that arose upon the death of the incumbent alderman who was up for re-election. Subsection14-43-411 applies specifically to cities of the first class and provides in relevant part as follows:
 Whenever a vacancy shall occur, for any reason, in the office of alderman in any city of the first class, at any regular meeting after the occurrence of the vacancy, the city council shall proceed to elect by a majority vote of the remaining members elected to the council an alderman to serve for the unexpired term. Provided, however, it is necessary that at least a quorum of the whole number of the city council shall remain in order to fill the vacancy
A.C.A. § 14-43-411(a)(1) (Supp. 2005) (emphasis added).[1]
As you can see, this subsection authorizes an appointee's service "for the unexpired term" of the alderman who vacated his or her position. The constitutional provision that you have noted also comes into play, however, under the particular circumstances at issue. Arkansas Constitution Article 19, Section 5, provides as follows:
 All officers shall continue in office after the expiration of their official terms, until their successors are elected and qualified.
The Arkansas Supreme Court has explicitly recognized that art. 19, § 5 applies to city aldermen. See Phillips v. Earngey, 321 Ark. 476,481, 902 S.W.2d 782, 785 (1995). The court has also held that this constitutional provision applies to appointees who are appointed to fill vacancies in elective positions. See McCraw v. Pate, 254 Ark. 357,494 S.W.2d 94 (1973). Cf. Barnett v. Sutterfield, 129 Ark. 461 (1917);Sweeney v. State, 23 Ariz. 435, 204 P. 1025 (1922). As indicated, pursuant to A.C.A. § 14-43-411, supra, the "official term" of an alderman appointed to fill a vacancy is the "unexpired term" of the vacating member. Article 19, Section 5, therefore provides for the appointed alderman's continued service beyond the vacating member's term, and "until [a successor is] elected and qualified." Your questions are prompted by this so-called "hold over" provision, and its proper application under circumstances involving the election of a deceased candidate for alderman who died between the nomination deadline and the election date, and whose vacant position was properly filled by appointment prior to the election.
Similar circumstances have arisen in the context of election challenges. See, e.g., Phillips v. Earngey, supra, and Rubens v.Hodges, 310 Ark. 451, 837 S.W.2d 465 (1992). But there is no reported case involving the issue of a holdover pursuant to Ark. Const. art. 19, § 5, under the circumstances you have reported. Nevertheless, the plain language of Ark. Const. art. 19, § 5, supra, in my opinion compels the conclusion that the alderman who was appointed pursuant to A.C.A. §14-43-411 to fill the vacancy continues to hold office for the upcoming term due to the failure of a successor to be "elected andqualified." While the election of the deceased candidate was established pursuant to A.C.A. § 7-5-315(7)(A),[2] the deceased candidate obviously never qualified for the office. Because the election did not supply an officeholder to take office in the upcoming term, the appointee in my opinion continues serving as a holdover. Cf. McCraw v.Pate, 254 Ark. 357, 494 S.W.2d 94 (1973) (gubernatorial county sheriff appointee appointed in December of current term after December death of sheriff-elect should continue to serve through upcoming term and until his successor was elected and qualified); Justice v. Campbell,241 Ark. 802, 410 S.W.2d 601 (1967) (incumbent county judge entitled to hold over until next scheduled general election after his defeat by a candidate who died after the election but before taking office).
It should perhaps be noted in passing that an Arkansas Code provision — A.C.A. § 7-5-315(7)(B)(i) (Supp. 2005) — requires that a "vacancy in the . . . election" be declared if an election is won by a person who withdrew or died after the ballot was certified.[3] of note because it might at first blush seem to suggest that a vacancy arose under the facts at hand when the deceased candidate for alderman won the election. This in turn might raise the question whether another appointment by the city council is called for, pursuant to A.C.A. § 14-43-411,supra. I believe it is clear upon further review, however, that subsection 7-5-315(7)(B)(i) applies when the office has no incumbent and the election does not supply an officeholder. In this regard, the term "vacancy in election" is defined in the Election Code as "the vacancy in an elective office created by death, resignation, or other good and legal cause, arising prior to election to the office at a general or special election but arising subsequent to the certification of the ballot." A.C.A. § 7-5-101(22) (Supp. 2005). This definition presumes that the office is unfilled prior to the election, consistent with the long-standing interpretation of "vacancy" as the absence of an incumbent to hold office. See Justice v. Campbell, supra, 241 Ark. at 804
(explaining that an "incumbent" is "one who is in present possession of an office; one who is legally authorized to discharge the duties of that office.") See also State v. Green and Rock, 206 Ark. 361, 175 S.W.2d 575
(1943). Considered in light of the subsection 7-5-101's definition of "vacancy in election," therefore, subsection 7-5-315(7)(B)(i) is properly interpreted to apply under circumstances where no one holds the office at the time of the election, such that a vacancy arises when the successful candidate either will not or cannot serve, having withdrawn or died after ballot certification.
So interpreted, subsection 7-5-315(7)(B)(i) has no application to the situation at hand, which involves an appointee under A.C.A. § 14-43-411
who is currently in possession of the office and authorized to discharge the duties thereof.
In conclusion, the appointee in question is an incumbent who is authorized by Ark. Const. art. 19, sec. 5, to serve the unexpired portion of the current term and for the duration of the upcoming term, and until his successor is elected and qualified.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE
Attorney General
[1] Although this subsection uses the term "elect" in connection with the council's selection of an individual to fill a vacancy in its membership, for clarity's sake I will refer to this individual as an "appointee."
[2] This subsection provides that "[t]he votes received by any person whose name appeared on the ballot and who withdrew or died after the certification of the ballot or filing period ended shall be counted." A.C.A. § 7-5-315(7)(A) (Supp. 2005). See Phillips, supra.
[3] Subsection 7-5-315(7) provides in full as follows:
 (A) The votes received by any person whose name appeared on the ballot and who withdrew or died after the certification of the ballot or filing period ended shall be counted.
 (B)(i) If the person received enough votes to win nomination or election, a vacancy in the nomination or election shall be declared.
 (ii)(a) If the person received enough votes to qualify for a runoff, the person's name shall appear on the runoff ballot; and
 (b) If enough votes are cast for the person to win the runoff, then a vacancy in the nomination or election shall exist.
A.C.A. ? 7-5-315(7) (Supp. 2005).