HILL, *v.* GOODWIN.

Opinion delivered April 15, 1907.

COUNTY TREASURER—VACANCY—APPOINTMENT.—Conceding that the election of a county treasurer to succeed himself was void if he was at the time a defaulter, he was nevertheless entitled to continue to hold the office until his successor was elected and qualified; and the Governor could not create a vacancy in the office and fill it by appointment.

Appeal from Union Circuit Court; *Lawrence A. Byrne,* Special Judge; reversed.

*Gaughan & Sifford* and *Bunn & Patterson,* for appellant.

1. The Third Amendment to the Constitution was never legally adopted, and the Governor has no power to fill a vacancy. *Rice* v. *Palmer,* 78 Ark. 432.

2. Nor could the Governor declare a vacancy under section 2631, Kirby's Digest, as construed in *Taylor* v. *State,* 1 Ark. 20, No appointed officer, since the Constitution of 1874, can lawfully succeed an elected officer holding after his term has ex-

pired. That kind of tenure can only be terminated by a judgment of a court of competent jurisdiction, or by successor *duly* appointed or elected. 42 Ark. 392; 23 Enc. of Law (2 Ed.), p. 413 b, subsec.; art. 19, sec. 5, Const.; 48 Ark. 89; Mechem on Public Officers, § 128.

3.   Section 7991, Kirby's Digest, is absolutely void under sec. 50, art. 7, Const.

4.   Under the act of March 17, 1903, the appellant is entitled to immunity against the charge of defalcation and the forfeiture denounced.

*W. D. Chew* and *Smead & Powell,* for appellee.

BATTLE, J.   The circuit court found the facts in this case as follows:

"The complaint alleges, in substance, that at a general election held in September, 1902, defendant, Hill, was elected to the office of county treasurer of Union County; that he acted as such treasurer during the first term of two years; that he failed to account for moneys coming into his hands as such treasurer, and on the 14th day of September, 1904, Hill and his bondsmen were cited by the county court to make settlement and to produce the funds for the purpose of being counted by the county court; but (that) he failed to appear and produce the funds, and a judgment was then entered against defendant and his bondsmen for $13,430.29, a copy of which is made an exhibit to the complaint. That at the September election, 1904, the said W. J. Hill was elected to succeed himself; that, before the issuance of his commission by the Governor, the clerk of Union County certified to the Governor the amount of the shortage of said Hill, and the Governor of the State of Arkansas refused to issue a commission to W. J. Hill. That said shortage remained unsatisfied, and on the second day of December, 1904, the Governor appointed plaintiff to the office of treasurer and issued to him a commission; that he is qualified to act as such, etc. That he executed and filed his bond as required by law, and demanded the office of defendant Hill, which was by him refused," etc.

"Hill filed an answer, in which he denies the legality of Goodwin's appointment; denies that the office at that time was vacant; denies the Governor's authority to make such appoint-

ment under Amendment No. 3 to State Constitution, as said Amendment had never been legally adopted; and by an amendment to the answer he further says that he admits the shortage as found by the county court, and admits that the order of said court against him and his bondsmen, made on the 14th day of September, 1904, but says that he deposited said funds in the Bank of El Dorado, in Union County, a regular incorporated bank, for safe keeping, which bank had failed and suspended, owing these funds, and (that) it was through no fault of his. He further sets up the fact that he had taken the oath of office and filed his bond as treasurer, which was approved."

The court found that Goodwin was the treasurer of the county, and rendered judgment accordingly.

Assuming that the second election of Hill was void, under the first election he was entitled to hold until his successor was elected and qualified. (Article 19, § 5, of the Constitution.) Until that time he was entitled to hold the office, and the Governor could not create or declare a vacancy in it and fill it by appointment. *State* v. *Carneall,* 10 Ark. 156; *Boyett* v. *Cowling,* 78 Ark. 494, 500. "There is no good reason for appointing a person to temporarily discharge the duties of an office when there is already a person expressly authorized by the Constitution or laws" to do so.

The judgment of the circuit court is reversed; and judgment upon the merits is rendered by this court in favor of the appellant.