BANK OF ALMYRA *v.* LAUR.

Opinion delivered March 6, 1916.

1. EXECUTION SALES—PERSONAL PROPERTY—WHERE MADE.—A sale of personal property sold on execution under a judgment when held in front of the door of the house in which the property is situated, is not invalid because it was not held in the presence of the property to be sold, where it could be seen and examined by prospective purchasers.

2. OFFICERS—TERMS OF OFFICE—VALIDITY OF ACTS.—All public officers shall continue in office after the expiration of their terms until their successors are elected and qualified.

3. APPEAL AND ERROR—ERRONEOUS INSTRUCTION—OWNERSHIP OF PROPERTY—HUSBAND AND WIFE.—Where the ownership of certain personal property as between a husband and wife is in issue, and the evidence would warrant a finding that the property belonged to the husband, it is reversible error not to submit the issue of ownership to the jury.

Appeal from Arkansas Circuit Court, Northern District; *Thos. C. Trimble,* Judge; reversed.

*W. D. Rasco* and *Lee & Moore,* for appellant.

1.   The judgment does not follow and conform to the verdict.   23 Cyc. 825; 47 Ark. 126.

2.   The verdict is excessive.   The bank was merely a judgment creditor and asked for an execution on the judgment; it did not direct what property should be levied upon.   17 Cyc. 1572; 66 Ark. 562.

3.   There was no competent proof as to the profits of the business.   17 Cyc. 1578; 86 Ark. 486.

4.   Boswell was, at least, a *de facto* officer.   38 Ark. 150; 25 *Id.* 344.   The instructions to the jury were prejudicial.   38 Cyc. 1632.

*W. N. Carpenter,* for appellee.

1.   The property was never levied upon; it was not present at the place of sale; it was not legally advertised, and there was no notice of sale served on either Ida V. or L. Laur.

2.   The instructions were fair to both parties and are a correct expression of the law.   By not objecting to the instructions given and remaining silent appellant admits the court was right in its charge.   29 Ark. 270; 31 *Id.* 648; 8 *Id.* 388-395; 34 *Id.* 421; 42 *Id.* 236.

3.   The verdict and judgment are right and not excessive.   The whole question was left to the jury under proper instructions and their verdict is conclusive.

McCulloch, C. J.   Appellant brought suit before a justice of the peace in Arkansas County against one L. Laur to recover the amount of a promissory note executed by him to appellant, and recovered judgment.   An execution was sued out on the judgment and placed in the hands of Sam P. Boswell, as constable, who levied the same on one soda fountain and bar, tank, glassware, chairs and tables, and sold the same under said writ. After sale, the said property was delivered into the possession of the appellant at its banking house and was there stored.

Appellee, Ida V. Laur, is the wife of said L. Laur, and she instituted this action against appellant, and against said Boswell, as constable, and certain other parties who removed the property under the latter's direction, alleging that she was the owner of said property sold under execution, and that the same was wrongfully sold by said constable under the direction of appellant, and that the conversion of the property was wrongful. Appellant and the other defendants answered, setting forth facts in justification of the sale of the property under the execution against L. Laur. It is alleged that the said property was really the property of L. Laur, the defendant in the execution, and that appellee's assertion of title thereto was a mere fraudulent scheme to defraud the creditors of L. Laur. The case was tried before a jury, and a verdict was rendered in favor of appellee, assessing damages at the sum of $1,000 to the property sold, and the sum of $250 for loss of business, and $50 for trespass, making the total sum of $1,300, for which sum judgment was rendered in favor of appellee against appellant.

Appellant was engaged in the banking business at the town of Almyra, and appellee and her husband, L. Laur, were operating in the same town a small business consisting of a soda fountain outfit and a lunch, candy and cigar stand. The business was started in April or May, 1913, and both of said parties assisted in the operation of the business. The proof introduced by appellee, principally her own testimony, tends to show that the business was started on her money and that she leased the house under a written contract executed by her husband and certain other heirs of an estate. The soda fountain outfit was purchased from the American Fountain Fixtures Company under written contract dated April 29, 1913, between L. Laur and said vendor, and the title was reserved in the vendor until the purchase price should be paid. Appellee testified that she sent her husband to Memphis to make the purchase of the soda fountain and that the initial payment was made out of her own

funds, and that she was the real owner of the business and that it was conducted in her own name. Appellee exhibited with her testimony a bill of sale alleged to have been executed to her by her husband, dated September 27, 1913, conveying to her the soda fountain and cold drink outfit—in fact, all of the articles that were sold under the execution.

The cashier of appellant bank testified that at the time of the purchase of the soda fountain he, as cashier, made a loan to L. Laur in the sum of $200 and took his note therefor, and that the first payment on the soda fountain was made by L. Laur out of money deposited to his credit from that loan, and that the balance of the money thus loaned was used in payments on the soda fountain. The judgment obtained by the bank against L. Laur was upon a renewal of that original note. It was also shown by the testimony of the same witness that the deposits of the proceeds of the business were made in the bank at frequent intervals by L. Laur, and that he held himself out to the bank and to the public as being the owner of the business. Numerous other witnesses testified that the business was generally understood in the community to be that of L. Laur and the place of business was known generally as "Luck Laur's" place. The constable, after levying the execution on the soda fountain and cold drink outfit, left the property in the house until date of sale, and the sale was made on the day advertised by an auctioneer standing out in front of the door. Appellee was present and protested against the sale, claiming the property as her own. As soon as the sale was over, the constable summoned several men as help and took the property out of the house, over appellee's protest, and carried it over to the premises of appellant.

The trial court, over appellant's objection, gave an instruction to the jury, stating that the property in controversy was never in fact levied on, and that the sale made by the constable under said execution was illegal and void, and that the jury should not take into consideration the fact that a sale of the property had been made

under execution. This instruction amounted to a peremptory one to find a verdict in favor of the appellee, for there was no other issue in the case except the right to subject the property to sale under the execution. The appellant asked the court to give instructions submitting to the jury the issue whether or not the execution of the bill of sale of the property by L. Laur to his wife, the appellee, was for the fraudulent purpose of hindering or defrauding creditors, but the court refused to give that instruction or any other instruction on the subject.

(1) It was error to give a peremptory instruction to the effect that the sale under the execution was void. The only ground upon which counsel for appellee attempts to defend that instruction is that the sale under the execution was not conducted in the presence of the property, and he cites decisions of this court in support of the rule that the sale of personal property under execution, or under power in a mortgage, must be made in the presence of the property where it can be seen and examined by the prospective purchasers. The testimony concerning this sale is to the effect that it was conducted out in front of the door of the house in which the property was situated, and that appellee was present and protested against the sale. We are of the opinion that the sale was made in such proximity to the property as to satisfy all the requirements of the law in that respect, and that the sale was not invalid on that account.

(2) There is also a suggestion in the brief casting a doubt upon the authority of Boswell to act as constable, but he was at least a *de facto* officer, and the sale was not void for that reason, if for no other. But, in addition to that, there is proof in the record that Boswell had been elected and duly qualified as constable for the preceding term, and that he was holding over without a new induction into office. It does not appear that any successor had been elected and the Constitution (article 19, section 5) provides that all officers shall continue in office after the expiration of their terms until their successors are elected and qualified.

(3) The real question in the case was whether or not appellee was the owner of the property and entitled to hold it against the creditors of her husband, or whether her claim was fictitious and colorable. Appellant introduced evidence which would have warranted a finding in its favor that appellee was not the owner of the property, and that her claim thereto was fictitious. That evidence tends to show that her husband, L. Laur, was operating the business in his own name, and that he bought the soda fountain and made the initial payment by money which he borrowed from the appellant, and that he made all the other payments on it. It would have warranted a finding that her claim was not a *bona fide* one or that she permitted her husband to hold the property out to creditors as his own. Upon that finding of the facts, the jury should have been told that she could not claim the property against the creditors of her husband who extended credit on the faith of her husband's ownership, and that such creditors had the right to enforce their claims by execution. *Mitchell* v. *State,* 86 Ark. 486.

Other assignments need not be discussed, for the reason that what we have already said is sufficient to dispose of this appeal.

The judgment is therefore reversed, and the cause remanded for a new trial.