## BARNETT *v.* SUTTERFIELD.

### Opinion delivered June 18, 1917.

COUNTY EXAMINERS—APPOINTMENT.—The time for the appointment of county examiners by county courts is the first term of the court held after the general election. *Held,* an appointment made during the first term of a county court after an election held under Acts of 1915, p. 402, was valid.

Appeal from Searcy Circuit Court; *J. I. Worthington,* Judge; affirmed.

*S. W. Woods,* for appellant.

1. Only a question of law is involved here, as the facts are agreed upon. The tangle has been brought about by the act of 1915, changing the date of the regular biennial election from September to November. The history of the legislation was discussed in 122 Ark. 82, 88.

The court erred in finding for Sutterfield. Act December 7, 1875, Kirby's Digest, § 7559; 109 Ark. 556; 122 *Id.* 82; 40 *Id.* 431; 84 *Id.* 533.

*Bratton & Bratton* and *A. Y. Barr,* for appellee.

1. Kirby's Digest, § 7559, seems to settle the controversy here, as found by the court below in favor of appellee. Review the various acts and decisions of this

court contending that appellant's appointment was irregular. The statute under which appellee was appointed is still in force and the judgment should be affirmed. Kirby & Castle's Digest, § § 1472 to 1481; Kirby's Digest, secs. 1367-8; 122 Ark. 82; 84 *Id.* 533; 2 Ark. 250; Act December 7, 1875. Appellee was appointed at the January term of the county court and is the legally appointed county examiner and the court so held.

### STATEMENT BY THE COURT.

This proceeding involves a contest between two persons for the office of county examiner of Searcy county. The facts are as follows: David J. Barnett was appointed by the county court as county examiner of Searcy county at its October term, 1916, and under that appointment he claims to hold for a term of two years. He took the oath of office and entered upon the discharge of his duties as such county examiner. At the January term, 1917, of said county court, Meade Sutterfield was appointed county examiner of Searcy county for a term of two years, and he took the oath of office and entered upon the discharge of his duties. This term of the county court was held by the county judge elected at the general election held in November, 1916. The circuit court held in favor of Sutterfield and to reverse the judgment rendered, Barnett prosecutes this appeal.

HART, J., (after stating the facts). The rights of the respective parties to hold the office depend upon the construction to be placed upon section 7559 of Kirby's Digest. It reads as follows: "The county court of each county shall at the first term thereof after each general election, appoint in each county not divided into judicial districts one county examiner, and in each county divided into two judicial districts may appoint one county examiner for each district, such examiner to be of high moral character and scholastic attainments." This section of the Digest substantially as it now is. was enacted on December 7, 1875. It is the contention of counsel for Barnett

that provision had already been made for holding the general election in September and the county courts in October, and that the object of the Legislature in passing the act under consideration was to designate a fixed period of time for the appointment of county examiners by the various county courts, and that this period of time would not be affected by any subsequent changes of the time of holding the general elections. We do not agree with counsel in this contention. Article 19, section 5, of the Constitution of 1874 provides that all officers shall continue in office after the expiration of their official terms until their successors are elected and qualified. Article 3, section 8, of the Constitution, provides that the general elections shall be held biennially, on the first Monday of September; but that the General Assembly may by law fix a different time. The act under consideration was passed at the first session of the Legislature after the adoption of the Constitution, and we are of the opinion that the Legislature had in view the securing of uniformity in the commencement of official terms of officers with terms of two years. Our Constitution provides that the judge of the county court shall be elected for the term of two years. Article 7, section 29, of the Constitution of 1874. We think the Legislature evidently had in mind that each county judge should appoint a county examiner to act during his term of office, and that the Legislature might at some time in the future change the date of holding the general election by consolidating State and Federal elections. Therefore, they fixed the time for appointing the county examiners by the various courts at the first term of the county courts to be held after the general election. The Legislature of 1915 consolidated State and Federal elections and fixed the date thereof on the next Tuesday after the first Monday in November, 1916, and every two years thereafter. Acts of 1915, p. 402. We think then that the county court at its January term, 1917, had the power to appoint a county examiner for the ensuing two years, and that Sutterfield

is the duly appointed county examiner for Searcy county. In this way uniformity of the terms of officers holding office for two years is secured. In this connection we call attention to the fact that the Legislature of 1907 created the office of county superintendent and defined his duties. Acts of 1907, p. 1004.

The first section of the act provides that at the next general election and every two years thereafter, there shall be elected in the same manner and under the same restrictions as provided by law for the election of their county officers, a county superintendent of schools for each county in the State, who shall qualify as other county officials, and hold as officers for a term of two years. The section contains a proviso that before any county shall be authorized to elect a county superintendent, the question shall be submitted to the qualified electors on the third Saturday in May in the years preceding those in which general State and county elections are held and that a majority of those voting on such question shall vote for supervision. By the terms of the act, the county superintendent takes the place of the county examiner. This act of the Legislature carries out the policy of uniformity in terms of county officers, which we think was the intention of the Legislature which passed the act under consideration.

Again, it is contended that this construction of the act is contrary to the principle announced in *Hendricks* v. *Hodges,* 122 Ark. 82, construing the act of 1915, which consolidated State and Federal elections in this State. We think that the construction we have given the act is rather in conformity with the principle of law announced in that case. As we have already seen, our Constitution provides that all officials shall continue in office after the expiration of their official terms until their successors are elected and qualified.

Another section of the Constitution gives the Legislature the power to change the time for holding general elections. So we held in effect in the case just cited, that

the Legislature might make reasonable changes in the time for holding such elections and that the effect of such legislation was to permit, incumbents to hold over during the interval.

In *State ex rel. Meredith* v. *Tallman* (Wash.), 64 Pac. 759, when the relator was elected county superintendent, the statute provided that such officer should be elected at each general election, and that his term of office should begin on the second Monday in January next succeeding his election and continue for two years and until his successor was elected and qualified. This section was amended to make the county superintendent's term of office begin on the first Monday in August next succeeding his election. There was a provision in the Constitution of that State providing that the term of any officer should not be extended beyond the period for which he was elected or appointed. The court held that the Legislature by changing the time of the commencement of the term of such officer from the second Monday in January after the election to the first Monday of August after such election, did not extend the term of a county official during the term of an incumbent prohibited by the Constitution, and it was held that such officer was entitled to hold his office until his successor qualified in August.

It follows that the judgment must be affirmed.