The Honorable Wanda Northcutt State Representative P.O. Box 350 Stuttgart, Arkansas 72160-0350
Dear Representative Northcutt:
This is in response to your request for an opinion, on behalf of Alderman Bill W. Fly, concerning the selection of a city attorney for DeWitt. You have enclosed a letter from Alderman Fly in which he sets forth the factual basis for this request, a summary of which is provided below.
Alderman Fly indicates that, in the Fall of 1992, the elected city attorney for DeWitt resigned due to a conflict of interest. Specifically, this conflict pertained to the fact that the law firm of which the city attorney was a member filed suit against the DeWitt Sewer and Water Commission. As a result of his resignation, the DeWitt City Council appointed an attorney who resides outside the city to fill the vacancy for the remainder of the term of office, which ends on December 31, 1994.[1] The city council, although aware that A.C.A. 14-43-315(a) (1987) provides that in first class cities with a population of less than 50,000 and having the mayor-council form of government a city attorney shall be elected every four years, wishes to interview applicants for the position of city attorney and select one by appointment to serve under a professional services contract when the office becomes vacant on December 31, 1994. Alderman Fly indicates that the city council wishes to select a city attorney in this manner because it feels that there is a very real possibility that there will be no candidates for the office, as the City of DeWitt currently has only three practicing attorneys: the current municipal judge, the former city attorney who resigned, and the law partner of the former city attorney. Under these circumstances, the DeWitt City Council feels, according to Alderman Fly, that the city's interests would be best served by the council interviewing applicants for the position and appointing one in the manner described above. With regard to this matter, Alderman Fly has inquired as to whether the City of DeWitt may take such action.
It should be noted from the outset that municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution. Jones v. American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387
(1987). These sources of municipal power must therefore be examined to determine the authority to select a city attorney in the manner the DeWitt City Council proposes. In this regard, A.C.A. 14-43-315, which is referenced in Alderman Fly's correspondence and which pertains to the selection of a city attorney for first class cities with a population of less than 50,000 and with a mayor-council form of government, provides the following:
 (a) The qualified voters of cities of the first class having a population of less than fifty thousand (50,000) and having the mayor-council form of government shall, on the Tuesday following the first Monday in November, 1970, and every four (4) years thereafter, elect a city attorney for four (4) years.
 (b) Incumbent city attorneys shall continue in office until their successors are elected and qualified.
The City of DeWitt is a first class city with a population of less than 50,000 and with a mayor-council form of government and thus falls within the scope of the foregoing statute. The office of city attorney in DeWitt is, therefore, an elective position. Thus, the city council may not, as a general matter, make appointments to the office unless otherwise authorized to do so. After a review of the relevant statutes, I find that the only provision which would authorize the DeWitt City Council to make an appointment to the office of city attorney is in the case of a vacancy. In this regard, A.C.A. 14-43-412 (1987), which relates to cities of the first class, provides the following:
 (a) In case any office of an elected officer, except aldermen of the ward, shall become vacant before the expiration of the regular term, then the vacancy shall be filled by the city council until a successor is duly elected and qualified.
 (b) The successor shall be elected for the unexpired term at the first annual election that occurs after the vacancy shall have happened.[2]
See also A.C.A. 14-42-103 (1987) (providing that vacancies in municipal offices which are authorized by state law to be filled by appointment by the city governing body shall require a majority vote of members of the governing body and that the governing body may appoint any "qualified elector"). Thus, the issue with respect to the facts presented in Alderman Fly's request is whether the failure of a successor to be elected to the position of city attorney would constitute a "vacancy" within the meaning of A.C.A. 14-43-412(a), such that the city council could make an appointment to the office.
As a general matter, it does not appear that a vacancy is necessarily created when there has been a failure to elect an individual to succeed an incumbent in office. Rather, the law generally provides that in such instances an incumbent officeholder is authorized to hold over or continue in office until a successor is elected and qualified. In this regard, Article 19, 5 of the Arkansas Constitution provides that
"[a]ll officers shall continue in office after the expiration of their official terms until their successors are elected and qualified." See also Justice v. Campbell, 241 Ark. 802,807-08, 410 S.W.2d 601 (1967) (stating that the phrase "until their successors are elected and qualified," as appears in Art. 19, 5, "is susceptible to no other reasonable implication but that the office be filled by a vote of the people."); Bank of Almyra v. Laur, 122 Ark. 486, 184 S.W. 39 (1916) (holding that a constable who continues in office after the expiration of his term, when no successor has been elected, is at least a de facto officer so that an execution sale conducted by him is not void). Similarly, A.C.A. 14-43-315(b), as set forth above, clearly states that incumbent city attorneys in cities such as DeWitt shall continue in office until a successor is elected and qualified. These provisions, therefore, would normally allow the present city attorney to continue in office in the event that no successor has been elected to fill the position upon expiration of the term of office. In this case, there may, however, be a problem with the present city attorney holding over, for as I have stated in footnote one of this opinion, the validity of his appointment may be questionable, and in any event, the appointee may be unwilling to do so. Assuming that continuance in office by the present city attorney would not be allowed in this case or that he would refuse to do so, it is my opinion that a vacancy would in all likelihood exist within the meaning of A.C.A. 14-43-412 and that the city council could make an appointment to the office. See generally Op. Att'y Gen. No. 90-301 (stating that if there are no candidates at all for alderman in incorporated town and if present aldermen refuse to continue to serve after the beginning of the new year, vacancies in these offices exist). Such an appointment could be made by the city council pursuant to this statute, however, only until such time as a successor was elected at the first annual election following the vacancy. Additionally, such an appointment should not be made pursuant to a professional services contract, and the city council should be cognizant of the requirement in Article 19, 3 of the Arkansas Constitution, which provides that persons elected to or appointed to fill a vacancy in any office shall possess the qualifications of an elector.
Finally, as Alderman Fly has noted that there are only three practicing attorneys in DeWitt, this situation may cause difficulty in making an appointment which would be consistent with the constitutional precept noted above. There are, however, no statutes which authorize first class cities to appoint persons to the office of city attorney who are not residents of the city.[3] Arguably, even if there were such statutes, they would be constitutionally suspect under Article 19, 3. Additionally, while it may be contended that the employment, as opposed to appointment, of a non-resident elector as city attorney does not violate Article 19, 3 of the constitution, it is my opinion that this argument would fail in view of the fact that the person would undoubtedly hold the office in any event. See e.g. Op. Att'y Gen. No. 92-352
(pertaining to office of municipal judge).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] Although you have not inquired as to the validity of this appointment, it should be noted that it may be questionable under Article 19, 3 of the Arkansas Constitution, which provides that "[n]o persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." This requirement has been interpreted by the Arkansas Supreme Court to mandate residence in the political subdivision to be served by the elected official. See Davis v. Holt, 304 Ark. 619, 623, 804 S.W.2d 362
(1991).
[2] Presumably, this is the provision upon which the DeWitt City Council relied in making the appointment of the present city attorney. It should be noted that this statute provides that a city council may fill a vacancy by appointment until such time that a successor is duly elected to fill the unexpired term at the first annual election that is held after the vacancy occurred. Thus, this provision does not necessarily mean that an appointment by the city council will be for the remainder of the unexpired term of office.
[3] This is in contrast to A.C.A. 14-42-112 (Cum. Supp. 1993) which provides that cities of the second class and incorporated towns, which are empowered to elect a municipal attorney, may appoint any regularly licensed attorney of this state to serve as municipal attorney in the event that no attorney resides within the limits of the city or town or when no resident attorney has been elected as municipal attorney. This statute may, however, be constitutionally suspect under Article 19, 3
of the Arkansas Constitution to the extent that it authorizes the employment or appointment of one who is not a "qualified elector."