The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342-1620
Dear Representative King:
You have presented the following questions for my opinion:
 (1) Does Article 19, § 5 of the Arkansas Constitution apply to school board positions?
 (2) Does the failure of an incumbent to run for re-election cause a vacancy in the position held by the incumbent?
 (3) If a school board member announces his decision not to run for re-election, and that announcement is reported in the local newspaper, does this series of events amount to a resignation for purposes of A.C.A. § 6-13-611?
(4) What steps must a school board take to accept a resignation?
 (5) Does an incumbent school board member have a right to hold over or is his position considered vacant at the end of that member's term, although no one else has been elected or qualified to hold the position?
You state that a member of the Helena-West Helena School Board decided not to run for re-election and announced this fact in the local newspaper. A retirement party commemorating his service was planned. Subsequently, another person obtained the required signatures and had his name placed on the ballot to run for the retiring member's position. This person was then sued and held by the Circuit Court to be ineligible to hold the position. That holding is currently on appeal. As a result of the Circuit Court's holding, no one was on the ballot for election to the position in question. Later, the member who had announced his decision not to run met with the board and stated that although he had decided not to run for re-election, he had not resigned. He further stated his decision to hold over in the position until the next election.
RESPONSE
Question 1 — Does Article 19, § 5 of the Arkansas Constitution apply toschool board positions?
It is my opinion that Article 19, § 5 does apply to school board positions.
Article 19, § 5 states:
5. Officers — Holding over.
 All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified.
Ark. Const., Art. 19, § 5.
Although the Arkansas Supreme Court has never explicitly addressed the question of whether this constitutional provision applies to school board members, the court has expressly acknowledged the applicability of this provision to a wide variety of officers, including the following positions: city alderman (Phillips v. Earngey, 321 Ark. 476,902 S.W.2d 782 (1995)); sheriff (McCraw v. Pate, 254 Ark. 357, 494 S.W.2d 94
(1973)); county judge (McCoy v. Story, 243 Ark. 1, 417 S.W.2d 954 (1967) and Justice v. Campbell, 241 Ark. 802, 410 S.W.2d 601 (1967); justice of the peace (Faulkner v. Woodard, 203 Ark. 254, 156 S.W.2d 243 (1941); county examiner (Barnett v. Sutterfield, 129 Ark. 461, 196 S.W. 470
(1917)); constable (Bank of Almyra v. Laur, 122 Ark. 486, 184 S.W. 39
(1916); county treasurer (Hill v. Goodwin, 82 Ark. 341, 101 S.W. 752
(1907).
It appears both from the language of Article 19, § 5 itself and the court's application of this provision that the provision is applicable to positions held by person who can be classified as "officers." School board members are clearly "officers," by the terms of the constitutional provision by which they are authorized: Article 14, § 4 of the Arkansas Constitution. That provision states:
 The supervision of public schools and the execution of the laws regulating the same shall be vested in and confided to such officers as may be provided for by the General Assembly.
Ark. Const., Art. 14, § 4 (emphasis added).
On the basis of the above quoted provision, one of my predecessors concluded that Article 19, § 5 could reasonably be construed to encompass school board directors. Op. Att'y Gen. No. 89-143. Accord, Ops. Att'y Gen. Nos. 96-035; 94-328; 94-311.
Moreover, school board members clearly possess the qualifications of "officers," as that term has been interpreted by the Supreme Court. The Arkansas Supreme Court has taken the position that a public "office" is indicated by the following characteristics:
 (1) The holder of position exercises some part of the State's sovereign power;
(2) The tenure, compensation, and duties are usually fixed by law;
(3) The holder of the position takes an oath of office;
(4) The holder of the position receives a formal commission;
(5) The holder of the position gives a bond.
See, e.g., Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952). In contrast, in a position that is not an "office," some or all of the characteristics listed above are lacking. Id. School board members possess all of the above listed qualifications. Accordingly, I conclude that they are "officers," for purposes of the applicability of Article 19, § 5.
In addition, it should be noted that although the Arkansas Supreme Court has not explicitly addressed the question of whether Article 19, § 5 applies to school board members, the court has held (without reliance on Article 19, § 5) that the tenure of school board members expires only when a successor is elected and qualified. See Click v. Sample,73 Ark. 194 (1904), citing School District v. Bennett, 52 Ark. 511 (1889) (noting that a particular school board member's term continued until his successor was elected and qualified). Moreover, certain statutes provide for the hold-over of school board members in various situations. See,e.g., A.C.A. § 6-13-615 (members elected from single-member zones shall hold office until their successors are elected and qualified); A.C.A. §6-13-604 (members appointed to increase board shall serve until their successors are elected and qualified).
For the above reasons, I conclude that Article 19, § 5 does apply to school board members, and that such members hold their positions until a successor is elected and qualified.
Question 2 — Does the failure of an incumbent to run for re-electioncause a vacancy in the position held by the incumbent?
No. The statutes governing school boards do not set forth the conditions under which a vacancy in a school board position will occur. The Arkansas Supreme Court has interpreted the term "vacancy" as follows:
 "A vacancy in an office may be caused by the death, resignation or removal of the official holding the office, or by the creation of a new office. Smith v. Askew, 48 Ark. 89. `As a general rule, there is a vacancy in office whenever there is no incumbent to discharge the duties of the office, that is, whenever the office is empty or unfilled; but as long as there is any one authorized to discharge the duties of the office, the office is not to be deemed vacant so as to authorize the exercise of the power to fill vacancies in office.' 23 Am. Eng. Enc. Law (2 Ed.), 348, 349; State v. Harrison, 113 Ind. 434, 3 Am. St. Rep. 663; People v. Edwards, 93 Cal. 157; Baxter v. Latimer, 116 Mich. 356."
Justice v. Campbell, 241 Ark. 802, 806, 410 S.W.2d 601 (1967), quotingRice v. Palmer, 78 Ark. 432, 96 S.W. 396 (1906) (Riddick and Wood, J.J., concurring). The court similarly stated that the term "vacancy" refers to "`offices which on account of death, resignation, removal or abandonment of the previous holder thereof, or for some other cause, have in fact no incumbent.'" Justice v. Campbell, 241 Ark. 802, 804, 410 S.W.2d 601
(1967), quoting State v. Green and Rock, 206 Ark. 361, 175 S.W.2d 575
(1943).
The Justice court went on to explain the concept of incumbency as follows: "An incumbent of an office is one who is in present possession of an office; one who is legally authorized to discharge the duties of that office." Id.
Under this interpretation of vacancy and incumbency, the failure of an incumbent to run for re-election to an office does not appear to constitute a condition of vacancy. Rather, the court's interpretation indicates that the conditions for vacancy are death, resignation, removal, or abandonment. If the holder of an office has not died, resigned, been removed, or abandoned the office, that person is an incumbent and the office is not vacant. The question of whether death, resignation, removal, or abandonment has occurred is a question of fact that must be determined on the basis of all the circumstances of the situation.
Question 3 — If a school board member announces his decision not to runfor re-election, and that announcement is reported in the localnewspaper, does this series of events amount to a resignation forpurposes of A.C.A. § 6-13-611?
It is my opinion that the reporting in a local newspaper of a school board member's announcement of his decision not to run for re-election does not, in and of itself, amount to a resignation for purposes of A.C.A. § 6-13-611 (which governs the manner in which vacancies on school boards are to be filled).
As an initial matter, I note that the statutes governing school boards do not address the question of what constitutes an effective resignation. InRider v. City of Batesville, 220 Ark. 31, 245 S.W.2d 822 (1952), the court addressed a situation in which a police officer tendered a written resignation and later attempted to withdraw it. The court stated:
 [T]he general rule, apart from statutory provisions, is that a mere presentation of a resignation does not work a vacancy and a resignation is not complete until accepted by the proper authority, McQuillin Municipal Corporations (3rd Ed,) 12-125; 43 Am.Jur., Public Officers, 167. In most jurisdictions a resignation may be withdrawn before it is acted upon but not after it has been accepted, and a resignation effective in the future may not ordinarily be withdrawn after acceptance. Although there is authority to the contrary, the preferable rule is stated in 67 C.J.S., Officers, 55 f., as follows: "If an acceptance is regarded as essential in order to render a resignation effective, an unconditional resignation to take effect at a future date may not be withdrawn after it has been accepted." See, also, 43 Am.Jur., Public Officers, 170.
Rider, supra at 34. Accord, Hopper v. Garner, 328 Ark. 516,944 S.W.2d 540 (1997).
In accordance with this clear precedent, I must conclude that the reporting in a newspaper of a school board member's announcement of his decision not to run for re-election does not, in and of itself, constitute an effective resignation for purposes of creating a vacancy to be filled pursuant to A.C.A. § 6-13-611. In such a situation, the member has not tendered a resignation, and the board has not accepted a resignation.
Question 4 — What steps must a school board take to accept aresignation?
State law does not explicitly address this question. However, state law does set forth certain requirements that must be met for the passage of any motion or resolution by a school board. It states:
 (c)(1)(A) A majority of a quorum voting affirmatively shall be required for the passage of any motion or resolution.
 (B) Any member who abstains from voting shall be counted as having voted against the motion or resolution.
 (C) If a member announces a conflict of interest with regard to the issue, the member may leave the meeting until the voting on the issue is concluded, and the member who abstains from voting thereby shall not be counted as having voted.
 (2) For the purposes of this section, a quorum shall be a majority of the membership of the board.
A.C.A. § 6-13-619.
The above quoted provision appears to indicate that official action of school boards must be taken by way of motion or resolution. For this reason, I conclude that in order to officially accept the resignation of a school board member, a quorum of the remaining voting members of the board must vote to accept the resignation. I note that the board's internal policies may address the process of resignation and must be complied with in addition to all requirements of state law.
I also note that the board cannot accept a resignation that has not been tendered. As indicated in response to Question 3, a board member's announcement of his decision not to run for re-election does not amount to a resignation. The board has no role in accepting or not accepting a board member's decision not to run for re-election.
Question 5 — Does an incumbent school board member have a right to holdover or is his position considered vacant at the end of that member'sterm, although no one else has been elected or qualified to hold theposition?
An incumbent school board member has the right to hold over. See discussion in response to Question 1.
As a final matter, I note that any eventual appellate court decision concerning the disqualification of the individual who petitioned to run for the board position in question may ultimately impact the situation.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General